UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| **QCI STAFFING, INC. d/b/a QCI HEALTHCARE,** and **CHRISTIAN VERA, individual** | ) ) ) ) ) ) ) |
| Defendants. | ) |

Civil action no.:
Legal and Equitable Relief Sought

## **COMPLAINT**

Plaintiff, **EUGUENE SCALIA**, Secretary of Labor ("Secretary"), United States Department of Labor, brings this action to enjoin and restrain defendants **QCI STAFFING, INC., d/b/a QCI Healthcare, a Michigan corporation, and CHRISTIAN VERA** from violating the provisions of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 et seq.) (hereinafter, "the Act"), pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to defendants' employees together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

**I**

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

II

    (A)    **QCI STAFFING, INC.**, (hereinafter "QCI"), is and, at all times hereinafter mentioned, was a Michigan corporation with an office located at 2805 Coit NE, Grand Rapids, Michigan, 49505, within the jurisdiction of this Court. QCI is and, at all times hereinafter mentioned, was engaged in managing a healthcare staffing agency the performance of related types of activities.

    (B)    **CHRISTIAN VERA** is and, all times hereinafter, was an owner of the Corporate Defendant, and actively supervised the day-to-day operations and management of the Corporate Defendant in relation to their employees, including, but not limited to supervising employees, determining pay practices and maintaining authority to hire and fire employees of the Corporate Defendant. At all times hereinafter mentioned, **CHRISTIAN VERA** is and was engaged in business within Kalamazoo County, within the jurisdiction of this court. **CHRISTIAN VERA** acted directly or indirectly in the interest of the Corporate Defendant in relation to employees and is an employer within the meaning of 29 U.S.C. § 203(d).

III

Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and, at all times hereinafter mentioned, were an enterprise within the meaning of 29 U.S.C. § 203(r).

IV

 Defendants are and, at all times herein after mentioned, were an enterprise within the meaning of section 3(s)(1)(A) of the Act in that said enterprise at all times hereinafter

mentioned had employees engaged in the commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

V

The Corporate Defendants and Individual Defendants violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than 40 hours without compensating said employees for their employment in excess of 40 hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants failed to include all forms of compensation (such as payments allegedly for "meal" expenses accrued during ordinary workdays) in employees' regular rates of pay, resulting in underpayments of overtime compensation. Furthermore, Defendants failed to pay certain scheduling employees overtime, misclassifying them as exempt despite the absence of any applicable exemption from the Act's overtime requirements.

VI

The Corporate Defendants and Individual Defendants, employers subject to the provisions of the Act violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found

in 29 C.F.R. Part 516. Specifically, Defendants' records failed to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the true and accurate regular rates at which they were employed.

## VII

Defendants have violated the provisions of the Act as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

    **A.**    For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

    **B.**    For an Order:

        1.    pursuant to section 16(c) of the Act, finding defendants liable for unpaid overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

        2.    pursuant to section 17 of the Act, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or

participation with defendants, from withholding payment of unpaid overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

    **C.**    For an Order awarding plaintiff the costs of this action; and

    **D.**    For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
|  | **KATE S. O'SCANNLAIN**<br>Solicitor of Labor |
| P.O. ADDRESS:<br>Office of the Solicitor<br>U.S. Department of Labor<br>230 S. Dearborn St., Room 844<br>Chicago, Illinois 60604<br>Telephone no.: 312/353-0890<br>Facsimile no.: 312/353-5698<br>E-mail:Rothfeder.Lindsey@dol.gov | **CHRISTINE Z. HERI**<br>Regional Solicitor<br><br>s/ Lindsey Rothfeder<br>**LINDSEY ROTHFEDER**<br>Trial Attorney |
| United States Attorney's Office<br>Western District of Michigan<br>P.O. Box 208<br>Grand Rapids, Michigan 49501<br>Telephone no.: 616/808-2031<br>Facsimile no.: 616/456-2510<br>Ryan.Cobb@usdoj.gov | **JEANNE F. LONG**<br>U.S. Attorney<br>Western District of Michigan<br><br>**RYAN D. COBB**<br>Civil Division Chief<br><br>Attorneys for **Eugene Scalia**,<br>Secretary of Labor, United States<br>Department of Labor, Plaintiff |

## **EXHIBIT A**

1. Baden, Wendy
2. Baker, Kristy
3. Barron, Andriana
4. Betts, Diane
5. Bodiford, Tondalaya
6. Bronkema, Lori
7. Chatman, Deborah
8. Coolman, Wendy
9. Cooper, Jessica
10. Corder, Barnabus
11. Cotela, Sally
12. Deyman, Monique
13. Diehl, Jennifer
14. Doyle, Linda K
15. Dufrane, Nicole
16. Eldorin Zainab
17. Fairweather, Domminique
18. Fontaine, Glenn
19. Geiger, Monica
20. Gillette, Nikisha
21. Gorden, Carl
22. Greer, Robine
23. Harding, Jackie
24. Homecker, Amber
25. Iacoban, Ruth
26. James, Janaya
27. Kueppers, Daniel
28. Loomis, Nicole
29. Luxon, Christopher
30. Mabry-Jordan, Phasshon
31. Marsh, Philip
32. Mugo, Lillian

33. Mwangi, David
34. Nasers, Melissa
35. Payne, Michele
36. Perri, Jennifer
37. Pinson, Tracy
38. Prendergast, Shawn
39. Prowett, Laura
40. Robertson, Torry
41. Roeglin, Shawn
42. Sandoval, Memphis
43. Shaw, Marlena
44. Sheedio, Anita
45. Sims, Shangna
46. Singh, Vika
47. Smith, Stephanie
48. St. Angelo, Jacqueline
49. Tookes, Pamela
50. Traver, Crystal
51. Turner, Lori
52. Vasquez, Gerardo
53. Veneklase, Jessica
54. Vizena, Nancy
55. Whorton, Judith
56. Williams, Krystal
57. Workalemahu, Hirut
58. Young, Kim